IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

I. KENYO SHINE,

        Petitioner

VS.

RANDY TILLMAN, Warden,

        Respondent

**NO. 5:09-CV-257 (HL)**

PROCEEDING UNDER 28 U.S.C. §2254
BEFORE THE U.S. MAGISTRATE JUDGE

# RECOMMENDATION

Before the court is respondent Randy Tillman's motion seeking dismissal of the instant habeas corpus petition. Tab #7. In his brief in support of the motion, the respondent avers that, prior to filing the instant action, petitioner I. Kenyo Shine failed to exhaust his available state judicial remedies as required by 28 U.S.C. §2254(b) and (c) and *Rose v. Lundy*, 455 U.S. 509 (1982). Petitioner I. Kenyo Shine was ordered to file a response (Tab #8) and has responded (Tab #11) to the respondent's motion. The motion is now ripe for review.

**PROCEDURAL BACKGROUND**

On July 22, 2009, petitioner Shine executed the instant 28 U.S.C. §2254 habeas corpus action. Tab #1. Therein, he challenges his March 6, 2006, conviction and sentence in the Superior Court of Bibb County for the offense of felony murder that resulted from a guilty plea he entered under *North Carolina v. Alford*, 400 U.S. 25 (2003). Included with the instant habeas corpus petition is a motion wherein the petitioner requests that the court stay and abey this action. Tab #3. Therein, petitioner Shine explains that the requested stay is necessary in order for him to avoid being left with only a single day in which to timely file a <u>federal</u> habeas corpus petition following any unfavorable decision in his <u>state</u> habeas corpus appeal then pending before the Georgia Supreme Court. Thereafter, and without offering any response to the petitioner's request to stay and abey, the respondent filed the instant motion seeking dismissal on the basis of the petitioner's alleged failure to exhaust. Subsequently, and after careful consideration, the undersigned granted the petitioner's motion to stay and abey. Tab #13.

## DISCUSSION AND CONCLUSION

As noted above, the petitioner's request to stay and abey the above-captioned petition was granted. While the order granting the petitioner's motion was not entered until some time after the motion itself was filed, the relief requested therein was granted *nunc pro tunc* July 25, 2009— one day after the motion was filed. In addition, during the time that elapsed between the date the petitioner's motion was filed and the date is was ruled upon, the Georgia Supreme Court entered an unfavorable decision on the petitioner's last available state judicial appeal. *See* Tab #12. As such, and within the same order that granted the petitioner's request to stay and abey, the stay and abeyance was lifted and the action allowed to proceed. As a result, on the date the instant action was allowed to proceed, the grounds set forth in the instant petition appeared to be exhausted. Consequently, and absent any evidence to the contrary, dismissal of the instant petition on the basis of the petitioner's alleged failure to exhaust the grounds set forth therein would be improper.

Accordingly, **IT IS RECOMMENDED** that the respondent's MOTION TO DISMISS be **DENIED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED** this 23rd day of JULY, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE