# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| I'KENYO SHINE, | : | |
| | : | |
| Petitioner, | : | |
| | : | NO. 5:09-CV-257 (HL) |
| VS. | : | |
| | : | |
| RANDY TILLMAN, Warden, | : | |
| | : | Proceedings Under 28 U.S.C. § 2254 |
| Respondant. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Before the Court is Petitioner I'Kenyo Shine's Motion for Contempt. Doc. 42. In his motion, Petitioner contends that Respondent has failed to comply with the Court's orders and has made false statements to the court. For the following reasons, it is hereby **RECOMMENDED** that Petitioner's motion be **DENIED**.

### Failure to Comply with the Court's Orders

On September 15, 2011, the Court granted Plaintiff's Motion to Compel and ordered Respondent to comply with Rule 5 of the Federal Rules Governing Section 2254 Cases in the United States District Courts. Doc. 37. Specifically, the Court ordered Respondent to address the merits of the petition and to provide the necessary and available pre-trial transcripts. Respondent responded to the Court order by addressing the merits of the petition, but failed to provide a copy of Plaintiff's pre-trial motion to suppress transcript because Respondent was unable to obtain the transcript despite due diligence.

Plaintiff's contention that Respondent should be held in contempt for failing to produce the motion to suppress transcript is without merit because the transcript was unavailable and unnecessary. Respondent submitted that he attempted to obtain the transcript from the Bibb

County Superior Court. The Bibb County Superior Court, however, did not have a copy of a suppression hearing on file. Moreover, Respondent also stated that he has made further inquiries to other sources in an attempt to locate an unofficial copy of the transcript.

The motion to suppress transcript was also unnecessary to review in ruling on the petition. As discussed at length in the Court's Recommendation to dismiss the petition (Doc. 46), the Court did not need to address the facts of Petitioner's motion to suppress. Petitioner contends that it was necessary for the Court to make findings of fact regarding the likelihood of success of his motion to suppress in an attempt to establish that he was prejudiced by his counsel's performance. It was unnecessary, however, for the Court to make those findings of fact because Petitioner's counsel satisfied the reasonable performance prong under Strickland v. Washington, 466 U.S. 668 (1984).

## False Statements

Petitioner's allegations that Respondent should be prosecuted for making false statements to the court are frivolous and without merit. Petitioner alleges that Respondent made false statements to the Court by asserting in his Answer that grounds 2 and 4 of the federal petition, which alleged ineffective assistance of counsel, were decided adversely to Petitioner in the state habeas corpus case. Petitioner contends that because the state habeas court did not make findings of fact relating to the likelihood of success of his motion to suppress, the state habeas court did not effectively rule on those grounds. The state habeas court's final order denying relief, however, addressed and denied multiple claims of ineffective assistance of counsel, including the failure to suppress evidence. Moreover, because relief was denied in the state habeas corpus case, it was not a false statement to assert that the grounds in the state petition were decided adversely to Petitioner.

Accordingly, it is **RECOMMENDED** that Petitioner's motion be **DENIED**.

**SO RECOMMENDED**, this 3rd day of April, 2012.

            s/ Charles H. Weigle_____
            Charles H. Weigle
            United States Magistrate Judge